Fecteau, Francis R., J.
This is an action brought by the plaintiffs on account of an alleged theft by the individual defendant against whom a claim is made, as well as claims against an insurer under an employee dishonesty insurance policy issued by the defendant/moving party Massachusetts Bay Insurance Company for alleged breach of contract and for unfair claims settlement practices amounting to bad faith. The plaintiff served interrogatories upon the defendant among which were three questions (nos. 10, 11 and 12) to which the defendant has lodged objection: they seek information concerning the identification of other claims, lawsuits and claimants who have brought similar claims within the last three years. The defendant opposes said requests for information on the grounds of relevance, that such requests seeks confidential client information and that it would be very burdensome and expensive to the defendant to undergo such a search as it would require manual examination of many files located in many places in order to determine similarity of claim, among other reasons.
Without intending to oversimplify the plaintiffs’ claim, they insist upon access to such information essentially in order to attempt to show that the defendant has engaged in a pattern of baseless rejections of otherwise facially valid claims and that it regularly forces claimants into suit. Essentially, the plaintiffs *317 complain that they need access to other claims and cases in order to determine the defendant’s history and involvement in other such claims which would be relevant to showing its knowledge of other claims and to learn the positions taken and responses of the defendant in those other suits. The relevance such reasons have in relation to the issues concerned appear to increase if the discovery sought is limited to the particular remedies that the plaintiffs seek in the case at bar but are seen to decrease when the scope of inquiry expands into jurisdictions in which such remedies do not exist. Therefore, in consideration of the nature of the case, and in seeking to balance the rights and obligations of the parties in connection with the discovery sought, the following orders are made, but without prejudice to an expansion of the scope upon sufficient cause including the identity of other states with statutes similar to G.L.c. 176D, §3.
It is hereby ordered that further answers are to be provided by the defendant to the plaintiffs interrogatories, as follows.
Interrogatory no. 10: the defendant is to provide the number of claims that were made to the defendant during the three years next prior to the plaintiffs claim, brought by or on behalf of an insured alleged to be due to employee dishonesty or theft and for which the insured sought benefits covered or alleged to be covered by a policy of insurance issued by the defendant and in similar form to that present herein and, with respect to that number, the number of cases that were disposed of or settled with payments made by the defendant without litigation having been initiated in any forum.
Interrogatory no. 11: the defendant is to provide the name, court and docket no. of all lawsuits filed against it in Massachusetts courts by or on behalf of insureds under the same form of policy, in which either a first-party claim for benefits alleged to be due on account of employee dishonesty or theft or claims were made or which involved a claim of unfair claims settlement practices, or both.
Interrogatory no. 12: as information as to the identity of the counsel of record in the cases identified in answer to interrogatory 11 will be thereafter available to the plaintiff from the public record following the defendant’s further response to interrogatory no. 11 as ordered herein, the defendant’s objection is sustained.